1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC. a California corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>PERFUMES WORLD COM, INC. d/b/a "1-PERFUMES" a New Jersey corporation, and DOES 1-50, inclusive,<br><br>        Defendant. | CASE No. CV16-03541-JFW-JC<br><br>**PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS 1A, 1B, 3, 5.1, 5.2(a), 7.2(i), 8, 9.2(d), 12.2, 12.3, 13, & Exhibit A] |

1    1.    <u>A. PURPOSES AND LIMITATIONS</u>

2    Discovery in this action is likely to involve the production of confidential,

3    proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may

5    be warranted. This Order does not confer blanket protections on all disclosures or

6    responses to discovery. The protection it affords from public disclosure and use

7    extends only to the limited information or items that are entitled to confidential

8    treatment under the applicable legal principles. As set forth in Section 12.3, below,

9    this Protective Order does not entitle the parties to file confidential information

10   under seal. Rather, when a party seeks permission from the Court to file material

11   under seal, such party must comply with Civil Local Rule 79-5 and with any

12   pertinent orders of the assigned District Judge and Magistrate Judge. See, e.g.,

13   Docket No. 9, Paragraph 9.

14

15   <u>B. GOOD CAUSE STATEMENT</u>

16   This action involves claims for trademark infringement and unfair

17   competition. The parties are variously manufacturers, distributors, and sellers of

18   goods. Some of the parties are likely to be direct or indirect competitors of one

19   another. In order to establish their claims and defenses, the parties intend to seek

20   discovery regarding information which the parties deem confidential, including but

21   not limited to non-public information regarding sales, supplier identities and

22   preferences, customer identities and preferences, import and export practice,

23   financial information, internal policies and procedures with respect to the purchase

24   and handling of goods, business strategies, and potentially other commercially and

25   competitively sensitive information.

26   It is anticipated that there will be depositions of the parties' employees or

27   agents, as well as that of third party suppliers, distributors, and manufacturers, and

28

such persons will likely be asked to answer questions on these potentially sensitive subject areas.  Because this matter will necessarily involve requests for disclosure of confidential information, a protective order is therefore necessary to avoid any prejudice or harm which would likely result if such information was disclosed in the absence of the protections set forth herein.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  Information shall not be designated as confidential for tactical reasons and nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause or a compelling reason why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: this pending federal lawsuit, *Moroccanoil, Inc. v. Perfumes World Com, Inc.*, Case No. 2:16-cv-03541 JFW (JC).

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  A Designating Party may designate Confidential Information or Items either CONFIDENTIAL or ATTORNEYS' EYES ONLY, as follows:

1          (a)   <u>CONFIDENTIAL designation</u>.   A Designating Party may

2   designate material CONFIDENTIAL only if it deems that a reasonable basis exists

3   for limiting dissemination of the material under the standards of Rule 26 and that the

4   material contains confidential and/or proprietary commercial information that is not

5   generally available to the public

6          (b)   <u>ATTORNEYS' EYES ONLY designation</u>. A Designating Party

7   may only designate material ATTORNEYS' EYES ONLY if it deems that

8   disclosure of such material to another person or party would be injurious to the

9   commercial interests of the designating entity under the standards of Rule 26 and

10   that the material contains highly propriety technical or trade secret or business

11   information so that the risk of improper use or disclosure to another party outweighs

12   the right of that party to review such information.

13       2.4   <u>Counsel</u>: Outside Counsel and House Counsel.

14       2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or

15   items that it produces in disclosures or in responses to discovery as

16   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

17       2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless

18   of the medium or manner in which it is generated, stored, or maintained (including,

19   among other things, testimony, transcripts, and tangible things), that are produced or

20   generated in disclosures or responses to discovery in this matter.

21       2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter

22   pertinent to the litigation who has been retained by a Party or its counsel to serve as

23   an expert witness or as a consultant in this Action.

24       2.8   <u>House Counsel</u>: one attorney who is an employee of a party to this

25   Action, and one support staff employee. House Counsel does not include Outside

26   Counsel or any other outside counsel.

27

28

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel</u>: attorneys (and their support staff) who are not employees of a party to this Action but are retained to represent or advise a party to this Action.

2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL or "ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

1    4.      <u>DURATION</u>

2        4.1    <u>If the Action proceeds to trial</u>: all of the information that was

3    designated as confidential or maintained pursuant to this protective order will no

4    longer carry such designation, unless compelling reasons supported by specific

5    factual findings to proceed otherwise are made to the trial judge in advance of the

6    trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th

7    Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in

8    discovery from "compelling reasons" standard when merits-related documents are

9    part of court record). Accordingly, the terms of this protective order do not extend

10   beyond the commencement of the trial.

11       4.2    <u>If the Action does not proceed to trial</u>: even after final disposition of

12   this litigation, the confidentiality obligations imposed by this Order shall remain in

13   effect until a Designating Party agrees otherwise in writing or a court order

14   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

15   of all claims and defenses in this Action, with or without prejudice; and (2) final

16   judgment herein after the completion and exhaustion of all appeals, rehearings,

17   remands, trials, or reviews of this Action, including the time limits for filing any

18   motions or applications for extension of time pursuant to applicable law.

19

20   5.     <u>DESIGNATING PROTECTED MATERIAL</u>

21       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

22   Each Party or Non-Party that designates information or items for protection under

23   this Order must take care to limit any such designation to specific material that

24   qualifies under the appropriate standards. The Designating Party must designate for

25   protection only those parts of material, documents, items, or oral or written

26   communications that qualify so that other portions of the material, documents,

27

28

2522.706\9933

-6-
PROTECTIVE ORDER

1  items, or communications for which protection is not warranted are not swept
2  unjustifiably within the ambit of this Order.

3         Mass, indiscriminate, or routinized designations are prohibited. Designations
4  that are shown to be clearly unjustified or that have been made for an improper
5  purpose (e.g., to unnecessarily encumber the case development process or to impose
6  unnecessary expenses and burdens on other parties) may expose the Designating
7  Party to sanctions.

8         If it comes to a Designating Party's attention that information or items that it
9  designated for protection do not qualify for protection, that Designating Party must
10  promptly notify all other Parties that it is withdrawing the inapplicable designation.

11         5.2    Manner and Timing of Designations. Except as otherwise provided in
12  this Order (see, e.g., second paragraph of section 5.2(a) and (b) below), or as
13  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for
14  protection under this Order must be clearly so designated before the material is
15  disclosed or produced.

16         Designation in conformity with this Order requires:

17         (a)    for information in documentary form (e.g., paper or electronic
18  documents, but excluding transcripts of depositions), that the Producing Party affix
19  at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY", to
20  each page that contains protected material. If only a portion or portions of the
21  material on a page qualifies for protection, the Producing Party also must clearly
22  identify the protected portion(s) (e.g., by making appropriate markings in the
23  margins).

24         A Party or Non-Party that makes original documents available for inspection
25  need not designate them for protection until after the inspecting Party has indicated
26  which documents it would like copied and produced. During the inspection and
27  before the designation, all of the material made available for inspection shall be

28

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    In the case of depositions and deposition transcripts, the Designating Party shall advise opposing counsel and the court reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript. For convenience, if a deposition transcript contains repeated references to Confidential Information which cannot conveniently be segregated from non-confidential information, the Designating Party may request that the entire transcript be marked by the reporter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Until the expiration of the 30 day period, the entire transcript shall be deemed Confidential Information absent an agreement by the parties on the record.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. Inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that

the Designating Party promptly correct the designation after discovery of such inadvertent failure. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

1 Receiving Party must comply with the provisions of section 14 below (FINAL
2 DISPOSITION).

3 Protected Material must be stored and maintained by a Receiving Party at a
4 location and in a secure manner that ensures that access is limited to the persons
5 authorized under this Order.

6 7.2 <u>Disclosure of Information designated "ATTORNEYS' EYES ONLY"</u>.
7 Unless otherwise ordered by the Court or permitted in writing by the Designating
8 Party, a Receiving Party may disclose any information or item designated
9 "ATTORNEYS' EYES ONLY" only to:

10 (a) the Receiving Party's Outside Counsel in this Action, as well as
11 employees of said Outside Counsel to whom it is reasonably necessary to disclose
12 the information for this Action;

13 (b) House Counsel to whom it is reasonably necessary to disclose
14 the information for this Action and who have signed the "Acknowledgement and
15 Agreement to Be Bound" (Exhibit A);

16 (c) Experts (as defined in this Order) of the Receiving Party to
17 whom disclosure is reasonably necessary for this Action and who have signed the
18 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19 (d) the Court and its personnel;

20 (e) court reporters and their staff;

21 (f) professional jury or trial consultants, mock jurors, and
22 Professional Vendors to whom disclosure is reasonably necessary for this Action
23 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
24 A);

25 (g) Perfumes World Com, Inc.'s insurers to whom disclosure is
26 reasonably necessary for this Action and who have signed the "Acknowledgment
27 and Agreement to Be Bound" (Exhibit A);

28

1    (h)    the author or recipient of a document containing the information

2    or a custodian or other person who otherwise possessed or knew the information;

3    (i)    during their depositions, witnesses, and attorneys for witnesses,

4    in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

5    party requests that the witness sign the form attached as Exhibit A hereto; and (2)

6    they will not be permitted to keep any Confidential Information or Items unless they

7    sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

8    otherwise agreed by the Designating Party or ordered by the Court. Pages of

9    transcribed deposition testimony or exhibits to depositions that reveal Protected

10   Material may be separately bound by the court reporter and may not be disclosed to

11   anyone except as permitted under this Protective Order; and

12   (j)    any mediator or settlement officer, and their supporting

13   personnel, mutually agreed upon by any of the parties engaged in settlement

14   discussions.

15

16   7.3   <u>Disclosure of Information designated "CONFIDENTIAL"</u>. Unless

17   otherwise ordered by the Court or permitted in writing by the Designating Party, a

18   Receiving   Party   may   disclose   any   information   or   item   designated

19   "CONFIDENTIAL" only to

20   (a)    all persons listed in Section 7.2(a) – (j), above; and

21   (b)    the officers, directors, and employees of the Receiving Party to

22   whom disclosure is reasonably necessary for this Action.

23

24   8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

25       <u>IN OTHER LITIGATION</u>

26   If a Party is served with a subpoena or a court order issued in other litigation

27   that compels disclosure of any information or items designated in this Action as

28

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or a court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information or Items in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information or Items, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party, if requested.

(d)    If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.   If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the Court.

12.     MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of the Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by the Stipulated Protective Order.

12.3   <u>Filing Protected Material</u>. Any Party who seeks to file with the Court Protected Materials must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge or Magistrate Judge.  See, e.g., Docket No. 9, Paragraph 9.  If a Party's request to file Protected Material under seal is denied by the Court, the Receiving Party may file the information in the public record in accordance with Civil Local Rule 79.5.2.2(a), Civil Local Rule 79.5.2.2(b)(ii), and/or the assigned District Judge's Standing Order (Docket No. 9, Paragraph 9) (as applicable) unless (a) otherwise instructed by the Court or (b) the Designating Party gives notice within 24 hours that it intends to seek reconsideration or other relief from the Court promptly enough to enable the Receiving Party to comply with Civil Local Rule 79.5.2.2(a), Civil Local Rule 79.5.2.2(b)(ii) and/or the assigned District Judge's Standing Order (Docket No. 9, Paragraph 9) (as applicable), unless relief therefrom has been granted.

13.   <u>APPLICABILITY TO LATER ADDED PARTIES</u>

In the event additional parties join or are joined in this Action, they shall have 14 days after appearing in the action to file objections as to why his or her individual case shall not be governed by this Order.  After the expiration of the 14 days or, if an objection is filed and the Court overrules such objection, the new party shall have access to Protected Material and shall be fully bound by this Protective Order absent further order of the Court.

14.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material and provide confirmation of the same. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   <u>VIOLATIONS</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  January 27, 2017

_____
                    /s/
Hon. Jacqueline Chooljian
United States Magistrate Judge

2522.706\9933

PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on January 27, 2017 in the case of *Moroccanoil, Inc. v. Perfumes World Com, Inc*., Case No. CV16-03541-JFW-JC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____  BY: _____

Signature

_____

Printed Name

_____

City and State where sworn and signed

2522.706\9933

-17-

PROTECTIVE ORDER